This Opinion Is a
Precedent of the TTAB

Mailed: September 27, 2018

UNITED STATES PATENT AND TRADEMARK OFFICE

————

Trademark Trial and Appeal Board

————

*In re S. Malhotra & Co. AG*

————

Serial Nos. 79194076 and 79194077

————

Alexander S. Lazouski of Lazouski IP LLC,
    for S. Malhotra & Co. AG.

Marc J. Leipzig, Trademark Examining Attorney, Law Office 115,
    Daniel Brody, Managing Attorney.

————

Before Zervas, Hightower, and Pologeorgis,
    Administrative Trademark Judges.

Opinion by Hightower, Administrative Trademark Judge:

On August 3, 2016, Applicant S. Malhotra & Co. AG filed two applications for extension of protection of international registrations under Section 66(a) of the Trademark Act, 15 U.S.C. § 1141f(a) (Madrid Protocol), seeking registration on the Principal Register of the marks GÁMOS, in standard characters,[1] and ΓΑΜΟΣ.[2] The goods identified in each application are "precious metals and

---

[1] Serial No. 79194076 ("'076 Application").

[2] Serial No. 79194077 ("'077 Application"). Color is not claimed as a feature of the mark.

their alloys and goods made of these materials or coated therewith included in this class, namely, jewelry and watches," in International Class 14.

The application for the standard character mark contains the following translation statement: "The English translation of the word 'GÁMOS' in the mark is 'wedding, matrimony or marriage.'" Similarly, the ΓΑΜΟΣ application includes a transliteration statement that the "non-Latin characters in the mark transliterate to 'GÁMOS' and this means 'wedding, matrimony or marriage' in English."

The Examining Attorney refused registration under Section 2(e)(1) of the Trademark Act, 15 U.S.C. § 1052(e)(1), on the ground that the applied-for terms are merely descriptive of a feature of Applicant's goods.[3] After the refusals were made final for each application, Applicant appealed.

## I. Appeals Consolidated

These appeals present common questions of law and fact and the records are substantially similar. Therefore, in the interest of judicial economy, we consolidate the cases and decide them in this single opinion. *See In re Tapco Int'l Corp.*, 122 USPQ2d 1369, 1369 n.1 (TTAB 2017); Trademark Trial and Appeal Board Manual of Procedure (TBMP) § 1214 (June 2018). We have considered all arguments and evidence filed in each case. We affirm the refusal to register as to each application.

---

[3] The Examining Attorney also refused each registration based on a requirement to provide accurate translation and transliteration statements as per Trademark Rule 2.32(a)(9)-(10), 37 C.F.R. § 2.32(a)(9)-(10). In its briefs, Applicant stated that it "agrees with the translation statement suggested by the Board." Appeal Brief, 4 TTABVUE 8 (both applications). The statements were suggested by the Examining Attorney during examination, not by the Board, but we find them appropriate and have entered them based on Applicant's acceptance, rendering the refusals moot.

## II.    Refusal on the Basis of Mere Descriptiveness

In the absence of acquired distinctiveness, Section 2(e)(1) of the Trademark Act precludes registration of a mark on the Principal Register that, when used in connection with the applicant's goods, is merely descriptive of them. "A term is merely descriptive if it immediately conveys knowledge of a quality, feature, function, or characteristic of the goods or services with which it is used." *In re Chamber of Commerce of the U.S.,* 675 F.3d 1297, 102 USPQ2d 1217, 1219 (Fed. Cir. 2012) (quoting *In re Bayer Aktiengesellschaft,* 488 F.3d 960, 82 USPQ2d 1828, 1831 (Fed. Cir. 2007)); *see also DuoProSS Meditech Corp. v. Inviro Med. Devices Ltd.*, 695 F.3d 1247, 103 USPQ2d 1753, 1755 (Fed. Cir. 2012) (stating that a proposed mark is merely descriptive if it "conveys information regarding a function, or purpose, or use of the goods" (quoting *In re Abcor Dev. Corp.*, 588 F.2d 811, 200 USPQ 215, 217 (CCPA 1978))). A term need not immediately convey an idea of each and every specific feature of the applicant's goods or services in order to be considered merely descriptive; it is enough that the term describes one significant attribute, function or property of the goods or services. *Chamber of Commerce*, 102 USPQ2d at 1219. Whether a mark is merely descriptive is determined not in the abstract but in relation to the goods or services for which registration is sought, the context in which the mark is used, and the possible significance the term would have to the average consumer because of the manner of its use or intended use. *Id.*

A. Doctrine of Foreign Equivalents

Under the doctrine of foreign equivalents, foreign words from common languages are translated into English to determine genericness, descriptiveness, and similarity of connotation to ascertain similarity or dissimilarity with English word marks. *Palm Bay Imps. Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F.3d 1369, 73 USPQ2d 1689, 1696 (Fed. Cir. 2005). In descriptiveness cases:

> It is a well[-]established principle of trademark law in this country that the foreign equivalent of a merely descriptive English word is no more registrable than the English word itself despite the fact that the foreign term may not be commonly known to the general public. That is, normally no distinction can be made between English terms and their foreign equivalents with respect to registrability. *In re Optica Int'l*, 196 USPQ 775, 777 (TTAB 1977). "Foreign language words, not adopted into the English language, which are descriptive of a product, are so considered in registration proceedings despite the fact that the words may be meaningless to the public generally." *Nestle's Milk Prods., Inc. v. Baker Importing Co.*, 182 F.2d 193, 86 USPQ 80, 82 (CCPA 1950).

*In re Highlights for Children, Inc.*, 118 USPQ2d 1268, 1270 (TTAB 2016).

The doctrine of foreign equivalents applies only when it is likely that the ordinary American purchaser would "stop and translate [the word] into its English equivalent." *Palm Bay*, 73 USPQ2d at 1696 (quoting *In re Pan Tex Hotel Corp.*, 190 USPQ 109, 110 (TTAB 1976)). The "ordinary American purchaser" includes all American purchasers, including those proficient in a non-English language who would ordinarily be expected to translate words into English. *Highlights for Children*, 118 USPQ2d at 1271 (quoting *In re Spirits Int'l N.V.*, 563 F.3d 1347, 90 USPQ2d 1489, 1492 (Fed. Cir. 2009)).

The Examining Attorney maintains that ΓΑΜΟΣ is a Greek word that transliterates to GÁMOS, defined in English as "marriage," "matrimony," or "wedding."[4] The Examining Attorney did not introduce evidence to demonstrate that Greek is a "common language" in the United States. Data released by the U.S. Census Bureau in October 2015, however, states that 304,932 U.S. residents age five and over speak Greek at home.[5] Greek is a common, modern language, not one that is dead or obscure. *See Spirits Int'l*, 90 USPQ2d at 1491; Trademark Manual of Examining Procedure (TMEP) § 1209.03(g) (Oct. 2017) ("While foreign words are generally translated into English for purposes of determining descriptiveness, foreign words from dead or obscure languages may be so unfamiliar to the American buying public that they should not be translated into English for descriptiveness purposes.").

Applicant argues that the doctrine of foreign equivalents does not apply because the terms it seeks to register do not have literal and direct translations, but rather have well-established alternative meanings, including "union," "small deer," "buck," and "a sexual ritual that plays out a marriage between a god and a goddess." Appeal Brief at 5, 4 TTABVUE 6 (both applications). We agree with the Examining Attorney,

---

[4] May 16, 2017, Response to Office Action at TSDR 7, '076 Application; *id.* at TSDR 9, 13, '077 Application; June 11, 2017, Final Office Action at TSDR 2 (both applications).

[5] *See* "Detailed Languages Spoken at Home and Ability to Speak English for the Population 5 Years and Over for the United States: 2009-2013," accessed at https://www.census.gov/data/tables/2013/demo/2009-2013-lang-tables.html. Because the U.S. Census is a standard reference, we may take judicial notice of information disclosed in census reports, and regularly have done so. *See In re Olin Corp.*, 124 USPQ2d 1327, 1331 n.12 (TTAB 2017); *In re Weiss Watch Co.*, 123 USPQ2d 1200, 1203 n.5 (TTAB 2017); *Highlights for Children*, 118 USPQ2d at 1271 n.7; *In re Aquamar, Inc.*, 115 USPQ2d 1122, 1127 & n.6 (TTAB 2015). We also do so here.

however, that the alternative meanings of "small deer" and "buck" are for words different from the Greek words at issue in this case. Specifically, the meanings "small deer" and "buck" relate to the unaccented Spanish words "gamos" and "gamo," in plural and singular forms, respectively.[6] Also, in the evidence, "union" is listed not as a translation for either of the applied-for marks but as one of several "similar phrases."[7] Finally, Applicant's evidence shows that the sexual ritual it discusses has a different name, "hieros gamos."[8]

The relevant meanings, "marriage," "matrimony," and "wedding," are not contradictory of one another, but, rather, are highly related. Compare the overlapping definitions of the three words from Merriam-Webster.com, of which we take judicial notice:[9]

---

[6] May 16, 2017, Response to Office Action at TSDR 8, 10, '076 Application; *id.* at TSDR 7, '077 Application.

[7] "Union" is one of the terms under "Similar phrases in dictionary Greek English." May 16, 2017, Response to Office Action at TSDR 7, '076 Application; *id.* at TSDR 9, 13, '077 Application.

Applicant submitted with its appeal briefs an entry from Wiktionary.com showing that "γάμος" means "gámos" and is a noun defined in Greek as "1. marriage, wedding (*ceremony*) 2. marriage (*social institution*)," which undercuts its position that its mark evokes Spanish meanings. 4 TTABVUE 15 (both applications). Although this evidence is untimely, Trademark Rule 2.142(d), 37 C.F.R. § 2.142(d), we have considered it because the Examining Attorney did not object and discussed it in his appeal brief. *See* 6 TTABVUE 4 (both applications); *In re Litehouse Inc.*, 82 USPQ2d 1471, 1475 n.2 (TTAB 2007) (considering evidence submitted with appeal brief because examining attorney did not object and presented rebuttal arguments).

[8] May 16, 2017, Response to Office Action at TSDR 13-15, '076 Application; *id.* at TSDR 10-12, '077 Application. "Gamos" in "hieros gamos" in the Wikipedia entry also appears as "γάμος," with the accented "a," which is ΓΑΜΟΣ in lower case. *Id.* In any event, the definition of the phrase "hieros gamos" does not control the meaning of Applicant's proposed marks, the single words GÁMOS and ΓΑΜΟΣ.

[9] The Board may take judicial notice of dictionary definitions, including online dictionaries that exist in printed format or have regular fixed editions. *E.g.*, *In re Inn at St. John's, LLC*,

- marriage:
    1. a: the state of being united as spouses in a consensual and contractual relationship recognized by law

       b: the mutual relation of married persons : WEDLOCK

       c: the institution whereby individuals are joined in a marriage
    2. an act of marrying or the rite by which the married status is effected; *especially* : the wedding ceremony and attendant festivities or formalities
    3. an intimate or close union
- matrimony: the state of being married : MARRIAGE
- wedding:
    1. a marriage ceremony usually with its accompanying festivities : NUPTIALS
    2. an act, process, or instance of joining in close association
    3. a wedding anniversary or its celebration—usually used in combination

"The English meanings of applicant's mark are clear. That several related meanings are also listed in the dictionary does not doom the refusal for lack of precision." *In re Geo. A. Hormel & Co.*, 227 USPQ 813, 814 (TTAB 1985) (affirming refusal to register *Saporito*, Italian equivalent of English term "tasty," as merely descriptive and laudatory of applicant's dry sausage); *see also In re Tokutake Indus.*, 87 USPQ2d 1697 (TTAB 2008) (affirming refusal to register AYUMI and Japanese-character equivalent as merely descriptive of footwear despite evidence of multiple meanings of "ayumi," including "walking," "a step," and "one's pace").

---

126 USPQ2d 1742, 1747 n.15 (TTAB 2018); *In re Mecca Grade Growers, LLC*, 125 USPQ2d 1950, 1953 n.2 (TTAB 2018); *Olin*, 124 USPQ2d at 1337 n.25.

We find that the proposed marks ΓΑΜΟΣ and GÁMOS have a definite English translation as "marriage," "matrimony," or "wedding," and that ordinary American consumers familiar with Greek will stop and translate the proposed marks. Therefore, we now consider whether they are merely descriptive of a feature of the identified goods.

B.    Whether ΓΑΜΟΣ and GÁMOS Are Merely Descriptive

The Examining Attorney introduced extensive evidence of use of "wedding" to describe jewelry specifically for use in weddings.[10] Examples include:

- "Now that you have the wedding dress, it's time to find the perfect wedding jewelry . . . .";[11]

- "The Wedding Jewelry Trends That Are Taking Over Spring 2017";[12]



[13]

---

[10] June 11, 2017, Final Office Action at TSDR 3-95 (both applications).

[11] Excerpt from Martha Stewart Weddings website (www.marthastewartweddings.com/ 600311/wedding-jewelry). June 11, 2017, Final Office Action at TSDR 38, '076 application; *id.* at TSDR 44, '077 application.

[12] Excerpt from Brides website (www.brides.com/story/wedding-jewelry-trends-brides-fashion). June 11, 2017 Final Office Action at TSDR 63, '076 application; *id.* at TSDR 69, '077 application.

[13] Excerpt from Dillard's website (www.dillards.com/accessories-jewelry-bridal-jewelry). November 19, 2016, Office Action at TSDR 5, '076 application; *id.* at TSDR 6, '077 application.





---

[14] Excerpt from Sears website (www.sears.com/jewelry-wedding-engagement-jewelry/b-132765954). June 11, 2017, Final Office Action at TSDR 85, '076 application; *id.* at TSDR 91, '077 application.

[15] Excerpt from www.allureweddingjewelry.com. June 11, 2017, Final Office Action at TSDR 22, '076 application; *id.* at TSDR 28, '077 application.

Applicant argues that, even if the doctrine of foreign equivalents applies, the multiple definitions of the terms it seeks to register render them not descriptive nonetheless: "Because 'GÁMOS' has no single meaning in connection with [the] covered goods, this term cannot have the readily apparent, single meaning required for the term to be merely descriptive, and removes the term from the merely descriptive category." Appeal Brief at 5-6, 4 TTABVUE 6-7 (both applications). We disagree. We have found that "marriage," "matrimony," and "wedding" have highly related meanings, and the evidence shows that "wedding" has descriptive significance in association with jewelry. Specifically, "wedding" is merely descriptive of a type of jewelry worn for weddings, a feature or characteristic of the goods. Moreover, "[i]t is well settled that so long as any one of the meanings of a term is descriptive, the term may be considered to be merely descriptive." *In re Chopper Indus.*, 222 USPQ 258, 259 (TTAB 1984); *see also In re IP Carrier Consulting Group*, 84 USPQ2d 1028, 1034 (TTAB 2007); *In re Bright-Crest, Ltd.*, 204 USPQ 591, 593 (TTAB 1979).

C.    Double Entendre

Finally, Applicant argues that the terms it seeks to register "may just as well suggest that Applicant's jewelry and watches have a combination of multiple parts or [involve a] 'marriage of metals' technique." Appeal Brief at 6, 4 TTABVUE 7 (both applications). Thus, Applicant contends, they are double entendres. *Id.*

A double entendre is registrable only if the second, non-descriptive meaning would be readily apparent to the consumer from the mark itself. *See, e.g.*, *In re Colonial Stores Inc.*, 394 F.2d 549, 157 USPQ 382, 385 (CCPA 1968) (holding SUGAR & SPICE not merely descriptive for bakery products because it readily conjures a familiar

phrase in a well-known nursery rhyme). There is no evidence that consumers are likely to understand Applicant's marks to mean a combination of multiple parts or that the goods result from a "marriage of metals" technique; the statement of Applicant's counsel is "no substitute for evidence." *Cai v. Diamond Hong, Inc.*, 901 F.3d 1367, 127 USPQ2d 1797, 1799 (Fed. Cir. 2018) (quotation omitted). Nor is such a meaning readily apparent from the marks themselves when viewed in association with the identified goods. *See, e.g., In re RiseSmart Inc.,* 104 USPQ2d 1931, 1934 (TTAB 2012) ("We do not find TALENT ASSURANCE to present a double entendre such that the merely descriptive significance of the term [TALENT] is lost in the mark as a whole.") (quotation omitted).

D.    Conclusion

Based on the record in its entirety, we find that a consumer of Applicant's jewelry familiar with the Greek language would immediately understand ΓΑΜΟΣ and GÁMOS to convey information about a feature of those goods, namely, that they may be used in association with weddings. Because the proposed marks immediately convey knowledge about Applicant's goods, they are merely descriptive under Trademark Act Section 2(e)(1).

**Decision:** The refusal to register under Trademark Act Section 2(e)(1) is affirmed as to both applications.